**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER KIRKENDOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 CV 3909 |
| | ) | |
| CITY OF CHICAGO and POLICE | ) | Judge KNESS |
| OFFICERS ARTAVIUS MITCHELL, | ) | |
| #4689, MALCOLM BROGSDALE, #5508, | ) | Magistrate Judge COLE |
| CARRASCO, #6816, KACHIROUBAS, | ) | |
| #19334, and C WARE, #21593, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, CHRISTOPHER KIRKENDOLL, by and through

counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY

OF CHICAGO and ARTAVIUS MITCHELL, #4689, MALCOLM BROGSDALE, #5508,

CARRASCO, #6816, KACHIROUBAS, #19334, and C WARE, #21593, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving Plaintiff of rights secured by the Constitution and

laws of the United States.

### JURISDICTION

1.     This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

1

2.     The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3.     Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**PARTIES**

4.     Plaintiff CHRISTOPHER KIRKENDOLL is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

5.     Defendants ARTAVIUS MITCHELL, #4689, MALCOLM BROGSDALE, #5508, CARRASCO, #6816, KACHIROUBAS, #19334, and C WARE, #21593 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

6.     Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

**FACTS**

7.     On or around 13 August 2019, Plaintiff was sitting on his porch when there were shots fired in the neighborhood.

8.     When police arrived on the scene, a person told the police that Kirkendoll tried to shoot him in the head and that he had a gun.

9.     Hearing this, and knowing he was innocent, Kirkendoll raised both of his hands and raised his shirt to show that he was unarmed.

10.     Despite this, Defendant Officers forcefully grabbed and handcuffed Plaintiff, injuring his shoulder.

11.     After Plaintiff was handcuffed, he was walked to a police car where he sat while officers searched the block.

12.     While Plaintiff was sitting in the car, the alleged gunshot victim refused treatment, said he did not want to sign a criminal complaint, and ran from the scene.

13.     While Plaintiff was sitting in the car, the alleged gunshot victim's brother told the police that his brother had addiction issues and his word could not be trusted.

14.     While Plaintiff was sitting in the car, Defendant Officers and others searched the entire vicinity looking for the alleged gun but did not find one.

15.     Despite this, Plaintiff was still taken to Area Central for further investigation.

16.     Once there, Mr. Kirkendoll was immediately given a gunshot residue test.

17.     The gunshot residue test came back negative.

18.     While at Area Central, detectives tried to question him but Kirkendoll stated that he wanted an attorney. Despite that, the detectives continued to try to question him.

19.     Kirkendoll asked to go to the hospital for treatment of his shoulder.

20.     Eventually, he was taken to St. Bernard's hospital where he was diagnosed with a torn rotator cuff.

21.     After returning to the police station, Officers Daly and Sheahan spoke with Mr. Kirkendoll about his arrest. They stated that Defendant Officers and others

throughout the district knew the alleged victim in this case had psychological issues, was on drugs, and that he was not credible.

22. Despite this, Defendant Officers caused Plaintiff to be charged with aggravated battery, aggravated discharge of a firearm, and attempted first degree murder.

23. To sustain these charges, Defendant Officers drafted knowingly false reports that alleged:

    a. Mr. Kirkendoll had gunshot residue on his hand;

    b. Was recorded on camera committing the offense;

    c. Was recorded on camera discarding a weapon; and

    d. Was found near the scene of the gunshots.

24. The video, which Defendants reviewed prior to charging Plaintiff, shows that Plaintiff did not commit any offense.

25. Mr. Kirkendoll sat in Cook County Jail for 282 days, facing multiple felony charges that threatened to send him to prison for the rest of his life.

26. On 21 May 2020, the Cook County State's Attorney's Office dropped all charges against him.

27. The acts of Defendant Officers were intentional, willful and wanton.

28. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

4

## COUNT I: 42 U.S.C. § 1983 – Excessive Force

29.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

30.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

31.     As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiff, CHRISTOPHER KIRKENDOLL, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 42 U.S.C. § 1983 – False Arrest

32.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

33.     The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

34.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person.  In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur

5

various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, CHRISTOPHER KIRKENDOLL, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III:  42 U.S.C. § 1983 – Unlawful Pretrial Detention

35.     Plaintiff realleges each of the foregoing paragraphs as though fully set forth here.

36.     In the manner described more fully above, the Defendants Officers, individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, used fabricated evidence to accuse Plaintiff of criminal activity and detain him without probable cause.

37.     In so doing, the Officer Defendants caused Plaintiff to be deprived of his liberty and detained without probable cause in violation of his rights secured by the Fourth and Fourteenth Amendments. Specifically, Plaintiff was incarcerated from the date of his arrest continuing for 282 days.

38.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with reckless indifference to the rights of others, and with total disregard for the truth and Plaintiff's clear innocence.

39.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain

and suffering, and other grievous and continuing injuries and damages as set forth above.

40. Plaintiff's injuries were caused by the policies, practices, and customs of Defendant City of Chicago in that employees and agents of the City regularly failed to disclose exculpatory evidence to criminal defendants, fabricated false evidence implicating individuals in criminal conduct, pursued wrongful convictions through profoundly flawed investigations, and otherwise violated due process in a manner similar to that alleged here.

WHEREFORE the Plaintiff, CHRISTOPHER KIRKENDOLL, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights

41. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

42. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of her Constitutional rights, all as described more fully throughout this Complaint.

43. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

44.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

45.     As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of her liberty, as is more fully alleged above.

46.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

47.     As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of her liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused her to incur various expenses, all to Plaintiff's damage.

WHEREFORE the Plaintiff, CHRISTOPHER KIRKENDOLL, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: 745 ILCS 10/9-102 – Indemnification

48.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

49.     Defendant City is the employer of the Defendant Officers.

50.     The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE the Plaintiff, CHRISTOPHER KIRKENDOLL, demands that, should any individually-named defendants be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**CHRISTOPHER KIRKENDOLL**

By:     /s/Jeanette Samuels

SAMUELS & ASSOCIATES, LTD.
3440 S. Cottage Grove Ave, #504
Chicago, Illinois 60616
T: 872.588.8726
F: 872.813.5256
E: sam@chicivilrights.com