**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER KIRKENDOLL, | ) | |
| | ) | Case No. 21 C 3909 |
| Plaintiff, | ) | |
| | ) | Judge John F. Kness |
| v. | ) | |
| | ) | Magistrate Jeffrey Cole |
| CITY OF CHICAGO and POLICE | ) | |
| OFFICERS ARTAVIUS MITCHELL, | ) | |
| #4689, MALCOLM BROGSDALE, #5508, | ) | |
| CARRASCO, #6816, KACHIROUBAS, | ) | |
| #19334, and C WARE, #21593, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF CHRISTOPHER KIRKENDOLL'S AMENDED COMPLAINT

Defendant, the City of Chicago (City), and Defendants, Artavius Mitchell, Malcolm Brogsdale, Alvaro Carrasco, David Kachiroubas, and Christopher Ware (hereinafter collectively "Defendants") by and through one of their attorneys, Jessica L. Griff, for their Answer to Plaintiff's Amended Complaint, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1.      This action is brought pursuant to the Civil Rights Act, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny that Plaintiff has pled any claims under the Fourteenth Amendment. Answering further Defendants admit that Plaintiff brings this action for money

1

damages under Sec. 1983 and the Fourth Amendment. Defendants further deny any allegations of wrongdoing herein.

2.     The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER:** Defendants admit the allegations set forth in this paragraph.

3.     Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit the allegations set forth in this paragraph.

## PARTIES

4.     Plaintiff CHRISTOPHER KIRKENDOLL is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5.     Defendants ARTAVIUS MITCHELL, #4689, MALCOLM BROGSDALE, #5508, CARRASCO, #6816, KACHIROUBAS, #19334, and C WARE, #21593 ("Defendant Officers') were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER:** Defendants admit that each of them named herein were, at the time of the occurrence Chicago Police Officers and that they acted within the course and scope of their employment and under color of law. Defendants admit that Plaintiff purports to sue them in their individual capacity. Defendants deny that they engaged in any misconduct complained of in this Complaint.

6.     Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Officer.

**ANSWER:** Defendants admit the allegations set forth in this paragraph.

2

## FACTS

7.     On or around 13 August 2019, Plaintiff was sitting on his porch when there were shots fired in the neighborhood.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco and Kachiroubas lack knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Upon information and belief, Defendants City and Ware deny that this paragraph truly and

accurately sets forth the facts and circumstances of the incident and therefore deny.

8.     When police arrived on the scene, a person told the police that Kirkendoll tried to shoot him in the head and that he had a gun.

**ANSWER:** Defendants Carrasco and Kachiroubas lack knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in this paragraph.

Defendants City, Mitchell, and Brogsdale deny that this is a complete and accurate recitation of

the events as they occurred. Defendants City, Mitchell, and Brogsdale deny that a person on

scene said that Kirkendoll tried to shoot him. Defendants City, Mitchell, and Brogsdale admit

that a person on scene told police that Kirkendoll shot him in the head and that he had a gun.

Upon information and belief Defendant Ware denies that this is a complete and accurate

recitation of the events as they occurred. Upon information and belief Defendant Ware denies

that a person on scene said that Kirkendoll tried to shoot him. Upon information and belief

Defendant Ware admits that a person on scene told police that Kirkendoll shot him in the head

and that he had a gun.

9.     Hearing this, and knowing he was innocent, Kirkendoll raised both of his hands and raised his shirt to show that he was unarmed.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10.     Despite this, Defendant Officers forcefully grabbed and handcuffed Plaintiff, injuring his shoulder.

**ANSWER:** Defendants deny the allegations set forth in this paragraph. Defendant further deny witnessing any such conduct on scene.

11.     After Plaintiff was handcuffed, he was walked to a police car where he sat while officers searched the block.

**ANSWER:** Defendants Mitchell and Brogsdale admit that Plaintiff was handcuffed and that officers searched the area. Defendants Mitchell and Brogsdale lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Defendants Carrasco and Kachiroubas admit that at some point Plaintiff was placed in their police car and that a search was conducted of the area. Defendants Carrasco and Kachiroubas lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Defendant Ware lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendant City admits that Plaintiff was handcuffed and placed in a police vehicle. Defendant City further admits that a search of the area was conducted.

12.     While Plaintiff was sitting in the car, the alleged gunshot victim refused treatment, said he did not want to sign a criminal complaint, and ran from the scene.

**ANSWER:** Defendants Carrasco, Kachiroubas, and Brogsdale lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendant Mitchell denies that this paragraph sets forth a complete and accurate recitation of the events as they occurred and therefore denies that allegations set forth in this paragraph.

Defendants City and Ware deny that this paragraph sets forth a complete and accurate recitation of the events as they occurred but admits that the victim initially refused treatment and to sign complaints. Defendants City and Ware lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

13. While Plaintiff was sitting in the car, the alleged gunshot victim's brother told the police that his brother had addiction issues and his word could not be trusted.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, Kachiroubas, and Ware deny that the anyone told any of them that his brother had addiction issues and his word could not be trusted but lack knowledge or information sufficient to form a belief as to the truth or falsity of this allegation as to any other member of the police department.

Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

14. While Plaintiff was sitting in the car, Defendant Officers and others searched the entire vicinity looking for the alleged gun but did not find one.

**ANSWER:** Defendants Carrasco and Kachiroubas deny that they searched for any weapons related to this incident. Defendants Carrasco and Kachiroubas admit that Plaintiff was sitting in their car while other officers searched the area for a gun. Defendants Carrasco and Kachiroubas

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Defendants Mitchell and Brogsdale admit that they searched the area for a gun and further admit that they did not find a gun. Defendants Mitchell and Brogsdale lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Defendant Ware lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendant City admits that while Plaintiff was seated in a car officers searched the area for a gun and that a gun was not found.

15.    Despite this, Plaintiff was still taken to Area Central for further investigation.

**ANSWER:** Defendants admit that Plaintiff was taken to Area Central for further investigation but deny that Plaintiff has accurately characterized the remaining allegations in this paragraph and therefore deny the remaining allegations contained in this paragraph.

16.    Once there, Mr. Kirkendoll was immediately given a gunshot residue test.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendant City and Defendant Ware admit the allegations contained in this paragraph.

17.    The gunshot residue test came back negative.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendant City and Defendant Ware admit that the gunshot residue test eventually came back negative.

18.     While at Area Central, detectives tried to question him but Kirkendoll stated that he wanted an attorney. Despite that, the detectives continued to try to question him.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Defendants City and Ware deny the allegations contained in this paragraph.

19.     Kirkendoll asked to go to the hospital for treatment of his shoulder.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas deny that Plaintiff requested to go to the hospital in their presence. Answering further Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff asked to go to the hospital outside of their presence.

Defendants City and Ware admit that Plaintiff asked to go to the hospital but deny that Plaintiff asked to go to the hospital for treatment of his shoulder.

20.     Eventually, he was taken to St. Bernard's hospital where he was diagnosed with a torn rotator cuff.

**ANSWER:** Upon information and belief Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas admit that Plaintiff was taken to St. Bernard Hospital but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

Defendants City and Ware admit that Plaintiff was taken to St. Bernard hospital when he

requested medical treatment. Defendants City and Ware lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

21.     After returning to the police station, Officers Daly and Sheahan spoke with Mr. Kirkendoll about his arrest. They stated that Defendant Officers and others throughout the district knew the alleged victim in this case had psychological issues, was on drugs, and that he was not credible.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph.

22.     Despite this, Defendant Officers caused Plaintiff to be charged with aggravated battery, aggravated discharge of a firearm, and attempted first degree murder.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

23.     To sustain these charges, Defendant Officers drafted knowingly false reports that alleged:

a. Mr. Kirkendoll had gunshot residue on his hand;
b. Was recorded on camera committing the offense;
c. Was recorded on camera discarding a weapon; and
d. Was found near the scene of the gunshots.

**ANSWER:** Defendants deny the allegations set forth in this paragraph and each subparagraph.

24.     The video, which Defendants reviewed prior to charging Plaintiff, shows that Plaintiff did not commit any offense.

**ANSWER**: Defendants deny the allegations set forth in this paragraph.

25.     Mr. Kirkendoll sat in Cook County Jail for 282 days, facing multiple felony charges that threatened to send him to prison for the rest of his life.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph.

8

26.     On 21 May 2020, the Cook County State's Attorney's Office dropped all charges against him.

**ANSWER:** Defendants Mitchell, Brogsdale, Carrasco, and Kachiroubas lack knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

Upon information and belief Defendants City and Ware admit the allegations set forth in this

paragraph.

27.     The acts of Defendant Officers were intentional, willful and wanton.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

28.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER:** Defendants deny the allegations set forth in this paragraph.

<u>**COUNT I: 42 U.S.C. §1983 -Excessive Force**</u>

29.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER:** Defendants incorporate their answers to each of the preceding paragraphs as their

answer to this paragraph as though fully restated herein.

30.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER:** Defendants deny the allegations set forth in this paragraph and each subparagraph.

31.     As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER:** Defendants deny the allegations set forth in this paragraph and each subparagraph.

## COUNT II: 42 U.S.C. §1983 -False Arrest

Defendants make no answer to Count II of Plaintiff's Amended Complaint, which is the subject of a separately filed Motion to Dismiss. *See* ECF No. 13

## COUNT III: 42 U.S.C. § 1983 -Unlawful Pretrial Detention

Defendants make no answer to Count II of Plaintiff's Amended Complaint, which is the subject of a separately filed Motion to Dismiss. *See* ECF No. 13

## COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights

Defendants make no answer to Count II of Plaintiff's Amended Complaint, which is the subject of a separately filed Motion to Dismiss. *See* ECF No. 13

## COUNT V: 745 ILCS 10/9-102 -Indemnification

32.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:** Defendants incorporate their answers to each of the preceding paragraphs as their answer to this paragraph as though fully restated herein.

33.     Defendant City is the employer of the Defendant Officers.

**ANSWER:** Defendants admit the allegations set forth in this paragraph.

34.     The individually named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:** Defendants deny they committed the acts alleged throughout Plaintiff's complaint. Answering further Defendants admit that the individual named defendant officers acted under color of law and within the scope of their employment with the City of Chicago.

## AFFIRMATIVE DEFENSES

1. Defendants are entitled to qualified immunity. Defendants are government officials who performs discretionary functions. At the time of the incident referenced in Plaintiff's Complaint, Defendants were members of the Chicago Police Department who were executing and enforcing the law. At all times relevant to Plaintiff's Amended Complaint, reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed at the time.

2. To the extent Plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff.

3. The Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. The Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42 (1998); *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

5. The City is not liable to Plaintiff for any federal claims for which the Individual Officers are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

6. The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by Plaintiff. 745 ILCS 10/2-102 (West 2018).

## **JURY DEMAND**

Defendants respectfully demand a trial by jury for all issues so triable.

Respectfully Submitted,

By:     */s/ Jessica L. Griff*
Jessica L. Griff

Jessica L. Griff, Assistant Corporation Counsel Supervisor
Jennifer Bagby, Chief Assistant Corporation Counsel
2 N. LaSalle, Suite 420
Chicago, Illinois 60602
312-744-2826
Attorney No. 6309134

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER KIRKENDOLL, | ) | |
| | ) | Case No. 21 C 3909 |
| Plaintiff, | ) | |
| | ) | Judge John F. Kness |
| v. | ) | |
| | ) | Magistrate Jeffrey Cole |
| CITY OF CHICAGO and POLICE | ) | |
| OFFICERS ARTAVIUS MITCHELL, | ) | |
| #4689, MALCOLM BROGSDALE, #5508, | ) | |
| CARRASCO, #6816, KACHIROUBAS, | ) | |
| #19334, and C WARE, #21593, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that on this 25th day of October 2021, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to counsel of record through ECF this 25th day of October, 2021

/s/ Jessica L. Griff
Jessica L. Griff
Assistant Corporation Counsel Supervisor

13